UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, and AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, and DRUG ENFORCEMENT ADMINISTRATION,<br><br>Defendants. | C.A. No. _____ |

# COMPLAINT

## INTRODUCTION

1. This is an action for the production of public records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. In January 2019, the American Civil Liberties Union and the American Civil Liberties Union of Massachusetts (collectively, the "Plaintiffs") submitted a FOIA request (the "Request") to the U.S. Department of Justice, Federal Bureau of Investigation, and the Drug Enforcement Administration (collectively, the "Defendants"). The Request sought policies, contracts, and other records relating to the Defendants' use of face recognition programs and other biometric identification and tracking technology.

3. To date, none of the Defendants has released any record responsive to the Request.

4. Production of these records is important to assist the public in understanding the government's use of highly invasive biometric identification and tracking technologies. These

1

technologies have the potential to enable undetectable, persistent, and suspicionless surveillance on an unprecedented scale.  Such surveillance would permit the government to pervasively track people's movements and associations in ways that threaten core constitutional values.

5. Further, there are serious questions about the reliability of biometric identification technologies (including and particularly with respect to accurately identifying people of color). These technologies therefore elevate the risk that an innocent person will falsely be associated with criminal activity.

6. Through the Request, the Plaintiffs seek to understand and inform the public about, among other things, how face recognition and other biometric identification technologies are currently being used by the government, and what, if any, safeguards are currently in place to prevent their abuse and protect core constitutional rights.

7. The public's interest in the release of the requested information is particularly high in light of the public's need to understand and participate in ongoing legislative activity.  In the last few months, lawmakers at the local, state, and federal level have discussed and in some cases implemented prohibitions on the government's use of remote biometric identification technologies.

8. At the municipal level, multiple cities and towns have recently "pressed pause" on the implementation of face and other biometric identification technologies.  In May 2019, San Francisco, California became the first city in the world to ban municipal government from using face recognition systems.  Oakland and Berkeley soon followed, as did the city of Somerville in Massachusetts.  Elsewhere in Massachusetts, the municipalities of Brookline, Springfield, and Cambridge are considering similar prohibitions.

9. At the state level, California's governor in October signed the nation's first state law placing a moratorium on government use of face recognition, prohibiting the technology from being used in conjunction with police body cameras. In Massachusetts, the state legislature's Joint Committee on the Judiciary is also considering a statewide moratorium on government use of remote biometric identification technologies until regulations are established to protect the public's interest. The Committee heard testimony from technical experts and civil rights advocates concerning that proposal just last week.

10. At the federal level, the U.S. Congress has held multiple hearings in recent months to gather information about how government agencies across the United States are using face recognition systems. Massachusetts Representative Ayanna Pressley has co-sponsored federal legislation that would prohibit the use of face recognition technology in federally funded public housing, and Michigan Representative Rashida Tlaib has introduced a bill that would prohibit the use of federal funds for its purchase or use.

11. The Plaintiffs now ask the Court to issue an injunction requiring the Defendants to process the Request immediately and to produce the requested records. The Plaintiffs also seek an order enjoining Defendants from assessing fees for the processing of the Request.

PARTIES

12. The American Civil Liberties Union (the "ACLU") is a non-profit corporation with its principal place of business in New York, New York. The ACLU's mission is to maintain and advance civil liberties, including, without limitation, the freedoms of association, press, religion and speech, and the rights to the franchise, to due process of law, and to equal protection of the laws for all people throughout the United States and its jurisdictions. The ACLU also works to extend rights to segments of the population that have traditionally been denied their rights. The

ACLU regularly publishes information and analysis concerning government activities derived from FOIA requests and other sources.

13. The American Civil Liberties Union of Massachusetts, Inc. (the "ACLUM") is a Massachusetts non-profit corporation with its principal place of business in Boston, Massachusetts. The ACLUM's mission is to protect, and to educate the public about, civil rights and civil liberties. ACLUM is committed to principles of transparency and accountability in government. Obtaining information about government activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLUM's work and one of its primary activities.

14. The U.S. Department of Justice ("DOJ") is a department of the government of the United States of America (the "U.S." or "United States").

15. The Federal Bureau of Investigation ("FBI") is an organization within DOJ.

16. The Drug Enforcement Administration ("DEA") is an organization within DOJ.

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

18. Venue lies in the District of Massachusetts pursuant to 5 U.S.C. § 552(a)(4)(B), including because it is the district in which ACLUM has its principal place of business.

## FACTS

19. Since at least 2015, the FBI has operated a Facial Analysis, Comparison, and Evaluation ("FACE") Services Unit.

20. The FACE Services Unit provides investigative lead support to FBI field offices and operational divisions, among others.

21. The FBI also operates the Next Generation Identification-Interstate Photo System, which is a face recognition service that allows law enforcement agencies to search a database of over 30 million photos.

22. The FBI is currently in the process of purchasing and/or developing additional biometric identification technologies that include not only face recognition, but also voice prints, gait prints, and other forms of biometric identification.

23. On January 18, 2019, the Plaintiffs submitted the Request to DOJ, the FBI, and the DEA.  A true and accurate copy of the Request is attached hereto as Exhibit A.

24. Among other things, the Request sought:

   a. Policy directives, guidance documents, legal memoranda, policy memoranda, and training materials concerning the use of face recognition, gait recognition, or voice recognition technology;

   b. Agreements, memoranda of agreement, and memoranda of understanding pertaining to any face recognition, gait recognition, or voice recognition program, including such records concerning the sharing, searching of, or granting access to face or voice recognition systems maintained by state or local agencies;

   c. Records relating to inquiries to companies, solicitations from companies, or meetings with companies about the purchase, piloting, or testing of face recognition, gait recognition, or voice recognition technology and related software and services, including purchase orders, RFPs, licensing agreements, documentation of selection, and contracts;

   d. Records related to any audits of face, voice, and gait recognition system, and records reflecting the system requirements for the accuracy of such systems; and

   e. Records relating to the number of face, voice, and gait recognition searches conducted by the relevant agency, and records reflecting how many times the use of such technology has contributed to any arrests.

25. DOJ has not responded to the Request.

26. On February 5, 2019, the FBI sent Plaintiffs correspondence that acknowledged receipt of the Request, determined that Plaintiffs are entitled to a waiver of search fees as a

"representative of the news media," deferred decision on a "public interest" waiver of search and duplication fees, denied expedited processing, and "administratively closed" three of the twenty categories of documents sought by the Request. True and accurate copies of this correspondence are attached hereto as Exhibit B. Plaintiffs have not received from the FBI any further correspondence or documents concerning or responsive to the Request.

27. On February 14, 2019, the DEA sent Plaintiffs correspondence that acknowledged receipt of the Request, granted itself a 10-day extension to respond due to "unusual circumstances," determined that Plaintiffs are entitled to a waiver of search fees as a "representative of the news media," and denied expedited processing. On April 12, 2019, the DEA sent Plaintiffs further correspondence advising that "your request has been assigned and is being handled as expeditiously as possible." True and accurate copies of this correspondence are attached hereto as Exhibit C. Plaintiffs have not received from the DEA any further correspondence or documents concerning or responsive to the Request.

## CLAIM FOR RELIEF

### Violation of FOIA 5 U.S.C. § 552

28. The foregoing allegations are re-alleged and incorporated herein.

29. Defendants have failed to make reasonable efforts to search for records sought by the Request.

30. Defendants have failed to produce records responsive to the Request.

31. Plaintiffs are entitled to a waiver of all search, review, processing, and duplication fees in connection with the Request.

PRAYER FOR RELIEF

Wherefore, Plaintiffs ask this Court to GRANT the following relief:

1. Order that Defendants shall produce the requested records forthwith, or alternatively on an expedited schedule established by the Court;

2. Enjoin Defendants from charging Plaintiffs search, review, processing, and duplication fees in connection with responding to the Request;

3. Award Plaintiffs costs and reasonable attorney fees in the action; and

4. Grant such other relief as the Court may deem just and proper.

October 31, 2019                                      Respectfully Submitted,


*/s/ Daniel L. McFadden*
David Glod (BBO# 676859)
Nathaniel C. Donohue (BBO# 694274)
Rich May, P.C.
176 Federal Street, 6th Floor
Boston, MA 02110
(617) 556-3800
dglod@richmaylaw.com
ndonoghue@richmaylaw.com

Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org

Brett Max Kaufman *
Nathan Freed Wessler * (BBO #680281)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
bkaufman@aclu.org
nwessler@aclu.org

*\* Pro hac vice application forthcoming*